UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 15-20636-CIV-COOKE/TORRES**

ANGI SONIA BOSCHIAZZO FERRIOL,
VANESA ELIZABETH LE ROSE,
YULIANA YENITH ALVAREZ
BENITEZ, EDYTA MAGDALENA
MALEK, and all others similarly situated
under 29 U.S.C. 216(b),

    Plaintiffs,

v.

PARRILLADA LAS VACAS GORDAS,
INC. d/b/a LAS VACAS GORDAS/THE
FAT COWS, LUIS GAJER, and ROSIMERY
GAJER,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISSING COMPLAINT

    Plaintiffs, Angi Sonia Boschiazzo Ferriol, Vanesa Elizabeth Le Rose, Yuliana Yenith Alvarez Benitez, and Edyta Magdalena Malek, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), brought this action against Defendants, Parrillada Las Vacas Gordas, Inc., d/b/a Las Vacas Gordas/The Fat Cows ("Vacas Gordas"), Luis Gajer, and Rosimery Gajer, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216, and Section 448.110, Florida Statutes. ECF No. 10. In essence, Plaintiffs alleged that their employer, Vacas Gordas, and their principals, Mr. Gajer and Ms. Gajer, unlawfully failed to pay them overtime and minimum wages, and to reimburse them for certain costs. Defendants filed a Motion to Compel Arbitration and Dismiss (the "Motion") (ECF No. 11). Plaintiffs responded to the Motion (ECF No. 14), and Defendants replied (ECF No. 15). The Motion is briefed and is ripe for adjudication. For the reasons provided herein, Vacas Gordas' Motion to Compel Arbitration is granted.

1

# I. BACKGROUND

Plaintiffs were food service employees of Vacas Gordas at varying times from 2010 to 2015. In November 2014, Plaintiffs entered into identical Arbitration Agreements with Vacas Gordas. (ECF No. 11-1).[1] The Arbitration Agreements provided as follows:

> 1. *Arbitration.* In consideration of Employee's employment with the Company, its promise to arbitrate all employment-related disputes, and my receipt of the compensation, pay raises, and other benefits paid to me by the Company, at present and in the future, **Employee agrees that any all [sic] controversies, claims, or disputes with anyone** (including the Company and any employee, officer, director, shareholder, or benefit plan of the Company, in their capacity as such or otherwise), **arising out of, relating to, or resulting from Employee's employment with the Company**, including any breach of this Agreement, **shall be subject to binding arbitration**. Disputes that the parties to this Agreement agree to arbitrate, and thereby agree to waive any right to trial by jury, include any statutory claims under local, state, or federal law, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, claims of harassment, discrimination and wrongful termination, and any statutory or common law claims, **including but not limited to wage and other claims under the Fair Labor Standards Act of 1938 and Florida Labor Law**.
>
> 2. *Procedure.* The parties of this Agreement agree that any arbitration will be administered by American Arbitration association pursuant to its employment arbitrations rules and conducted in the City of Miami Beach. The arbitrator shall have the power to award any remedies available under the applicable law, including, where provided by applicable law, costs, and attorney's fees.

*Id.* (emphasis added).

Defendants argue that the Arbitration Agreements encompass Plaintiffs' claims, thus requiring this Court to compel arbitration and dismiss this action.

---

[1] This Court may consider the Arbitration Agreements in ruling on a Motion to Compel Arbitration. *See Perera v. H & R Block E. Enters., Inc.*, 914 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012) (considering employment agreement with arbitration clause, which was attached to defendant's motion to dismiss and compel arbitration); *Nelson v. City of Live Oak*, No. 3:11-CV-549-J-32JBT, 2011 WL 5006472, at *1 (M.D. Fla. Oct. 20, 2011) ("Motions to compel arbitration are treated generally as motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).").

## II. LEGAL STANDARDS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, establishes a liberal federal policy favoring arbitration agreements, and provides that a written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *CompuCredit Corp. v. Greenwood*, -- U.S. --, 132 S. Ct. 665, 669, (2012). A district court must consider three elements in ruling on a motion to compel arbitration: "(1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived." *Lopez v. United Health Group, Inc.*, No. 8:14-cv-2925-t-30aep, 2014 WL 7404123, at *2 (M.D. Fla. Dec. 30, 2014) (citing *Cunningham Hamilton Quiter, P.A.*, 776 So. 2d 940, 942 (Fla. 3d DCA 2000)).

Dismissal is appropriate where, as here, compelling arbitration will leave no claims pending in the district court. *See Choice Hotels Int'l Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Athon v. Direct Merchants Bank*, 2007 WL 2983868 (11th Cir. Oct. 15, 2007) (per curiam) (unpublished decision) (affirming district court's dismissal with prejudice of plaintiff's complaint after granting motion to compel arbitration).

## III. DISCUSSION

Defendants seek to enforce the Arbitration Agreements signed by all Plaintiffs in this matter and move to dismiss the action. Plaintiffs do not argue that a valid written agreement to arbitrate does not exist, or that Defendants have waived their right to arbitrate. Plaintiffs do, however, argue that they cannot be compelled to arbitrate their claims to the extent that they relate to wages and reimbursable expenses allegedly owed prior to entering into the Arbitration Agreement. (ECF No. 14).

Plaintiffs assert that the Arbitration Agreement is not retroactively binding, and therefore, unenforceable. (ECF No. 14). However, "[a]n arbitration agreement may be applied retroactively to transactions which occurred prior to execution of the arbitration agreement." *Stewart v. Laidlaw & Co. (UK) Ltd*, No. 11-22846-CIV, 2012 WL 280388, at *2 (S.D. Fla. Jan. 31, 2012) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. King,* 804 F.Supp. 1512, 1514 (M.D. Fla. 1992). Therefore, as a matter of contract law, determining the scope of an arbitration agreement depends on the intent of the parties. *See Thomas v.*

*Carnival Corp.,* 573 F.3d 1113, 1119 (11th Cir. 2009). To determine the parties' intent, a court must look to the language of the arbitration agreement. *See id.*

The pertinent language from the Arbitration Agreement unambiguously provides that:

> In consideration of Employee's employment with the Company, its promise to arbitrate all employment-related disputes, and my receipt of the compensation, pay raises, and other benefits paid to me by the Company, **at present and in the future**, **Employee agrees that <u>any</u> <u>all</u> [sic] controversies, claims, or disputes with anyone** (including the Company and any employee, officer, director, shareholder, or benefit plan of the Company, in their capacity as such or otherwise), **<u>arising out of</u>, relating to, or resulting from Employee's employment with the Company, including any breach of this Agreement, shall be subject to binding arbitration.**

(ECF No. 11-1). Nonetheless, Plaintiffs argue that the Arbitration Agreement is not retroactively binding, "as the consideration given by each Plaintiff in order to enter into such an agreement is employment and compensation from the employer now and hereafter paid." (ECF No. 14) (internal quotations omitted). I disagree. The matter of the consideration given for the Arbitration Agreement is separate and apart from the issue of whether the Agreement applies to employment disputes relating to work performed prior to executing the Agreement. I find that the "promise to arbitrate *all* employment-related disputes … *at present and in the future* … *arising out of, relating to, or resulting* from Employee's employment with the Company" binds the Plaintiffs to arbitrate any claims brought after executing the Arbitration Agreement that arises out of their employment with Vacas Gordas.

Plaintiffs cite *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), as support for the proposition that the Arbitration Agreements are unenforceable because of their "failure to expressly state that" they will be applied retroactively. (ECF No. 14). However, that was not the holding in *Thomas,* and it does not support Plaintiffs' position. At issue in *Thomas* was an arbitration clause ("New Agreement") that unambiguously contained an effective date precluding prior claims from having to be arbitrated under the New Agreement. *Thomas*, 573 F.3d at 1117-18. In particular, the New Agreement provided that:

4

> "Any and all disputes *arising out of or in connection with this Agreement,* including ... Seafarer's service on this vessel shall be referred to, and finally resolved by arbitration... [T]he employment relations between [the parties] shall be governed by the terms of this Agreement *commencing on the date* the Seafarer first signs on board the assigned vessel after signing this Agreement."

*Id*. The Eleventh Circuit Court declined to compel arbitration of claims that arose before the arbitration agreement was signed because, by its clear and unambiguous terms, the New Agreement only applied to "[a]ny and all disputes arising out of or in connection *with this Agreement*." *Id.* at 1119. The Court noted that the clause did not specify that it applied to "*any previous Agreement*," only to the New Agreement, and as such, the New Agreement could not apply to prior claims because those claims did not arise out of or in connection with the New Agreement. *Id.*

The arbitration clause at issue in *Thomas* is distinguishable from the Arbitration Agreement at issue here. "[W]e can glean intent not only from what *is* said, but what *is not* said." *Id*. The Arbitration Agreement does not have an effective date; it does not specify that the parties' employment relations are governed by the terms of an arbitration agreement that commences on a certain date and only applies to a certain time period. Plaintiffs may have had existing claims against Vacas Gordas prior to the execution of the Arbitration Agreement, however, in consideration for their continued employment with Vacas Gordas, Plaintiffs "promise[d] to arbitrate all employment-related disputes … at *present* and in the future." Like in *Thomas,* we can glean intent by what was not said. Here, the Arbitration Agreement did not specify that it would apply only from the date of its execution going forward.

Moreover, the Arbitration Agreements are much broader than the arbitration clause in *Thomas.* "The presumption of arbitrability is particularly applicable where the arbitration clause is broad." *Perera v. H & R Block E. Enterprises, Inc.,* 914 F. Supp. 2d 1284, 1287-88 (S.D. Fla. 2012) (citing *AT&T Technologies, Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 650 (1986)). "[O]nly the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* "[S]uch evidence will be found only if the parties "clearly express their intent to exclude categories of claims from their arbitration agreement." *Perera*, 914 F. Supp. 2d. at 1288 (citing *Paladino v. Avnet Computer Techs., Inc.,* 134 F.3d 1054, 1057 (11th Cir. 1998)). Here, we have such broad and encompassing Arbitration Agreements

5

under which the parties expressly "promise[d] to arbitrate all employment-related disputes … arising out of, relating to, or resulting from Employee's employment with the Company … including but not limited to wage and other claims under the Fair Labor Standards Act of 1938 and Florida Labor Law."

Lastly, Plaintiffs concede that some claims may be arbitrable under the Arbitration Agreements, but only for claims arising after November 24, 2014, the date of the Agreement's execution. (ECF No. 14). Where parties concede to have agreed "to arbitrate *some* matters pursuant to an arbitration clause, the law's permissive policies in respect to arbitration counsel that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010) (internal quotations and citations omitted); *see also Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982) ("federal policy requires that we construe arbitration clauses generously, resolving all doubts in favor of arbitration.").[2]

### IV. CONCLUSION

For the reasons provided herein, Defendants Parrillada Las Vacas Gordas, Inc., d/b/a Las Vacas Gordas/The Fat Cows, Luis Gajer, and Rosimery Gajer's Motion to Compel Arbitration and Dismiss the Complaint is **GRANTED**.

The Clerk is directed to **CLOSE** this matter. All pending motions, if any, are **DENIED** *as moot*.

---

[2] In their Response (ECF 14), Plaintiffs request that, if this Court finds the arbitration agreement enforceable, that it order that the employer is responsible for paying all arbitration costs. The case Plaintiffs cite in support of this request is *Hernandez v. Colonial Grocers, Inc.*, 124 So. 3d 408 (Fla. Dist. Ct. App. 2013). *Hernandez*, however, does not stand for the proposition that employers must pay all arbitration costs, where, as here, the arbitration agreement is silent on the issue. In this case, the Arbitration Agreement provides that, "The arbitrator shall have the power to award any remedies available under the applicable law, including, where provided by applicable law, costs and attorney's fees." *Hernandez* stands for the proposition that an arbitration agreement is not enforceable to the extent that it provides for costs and attorney's fees to a prevailing *employer*. *Id.* at 409. There is no such provision in the Arbitration Agreement at issue here.

**DONE and ORDERED** in chambers at Miami, Florida, this 30th day of April 2015.

/s/ Marcia G. Cooke

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*